UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| CYNTHIA BARRON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:16-cv-00097-AGF |
| ) | |
| NANCY A. BERRYHILL, Acting ) | |
| Commissioner of Social Security,[1] ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This action is before this Court on Plaintiff's motion (ECF No. 22) to alter or amend judgment, based solely on the United States Court of Appeals for the Eighth Circuit's decision in *Gann v. Berryhill*, No. 16-2168, 2017 WL 3197610, at *1 (8th Cir. July 28, 2017). The Court gave careful consideration to the arguments Plaintiff presented in her request for judicial review of the final decision of the Commissioner of Social Security, and asserts again now. The Court continues to believe that the Administrative Law Judge's ("ALJ") assessment of Plaintiff's residual functional capacity ("RFC") and the hypothetical questions he posed to the vocational expert ("VE"), including the implicit finding that Plaintiff had no reaching limitation, are supported by substantial evidence on the record as a whole. *Cf. Gann*, 2017 WL 3197610, at *4 (reversing and remanding the

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, she is substituted for Acting Commissioner Carolyn W. Colvin as the Defendant in this suit.

Commissioner's decision upon finding that "the ALJ's RFC assessment and hypothetical question to the VE did not contain all impairments supported by substantial evidence in the record"); *see also McCoy v. Astrue*, 648 F.3d 605, 615 (8th Cir. 2011) (concluding that, where the ALJ identified the proper legal framework and noted that she had taken into account all credible nonexertional limitations when determining the RFC, but did not make explicit findings regarding the claimant's ability to stoop, the ALJ "implicitly" found no stooping limitation, and as the only medical evidence suggesting a stooping limitation was in checkbox form and inconsistent with the record as a whole, substantial evidence supported the ALJ's implicit finding).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to alter or amend the judgment is **DENIED**. ECF No. 22.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated on this 7th day of September, 2017